UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BUILDING SERVICE 32BJ PENSION FUND,

        Plaintiff,

 -against-             COMPLAINT

212 5TH LLC,

        Defendant,
------------------------------------------------------------------X

Plaintiff, Building Service 32BJ Pension Fund ("Fund"), by its attorneys Raab, Sturm, & Ganchrow, LLP, as and for its Complaint against 212 5th LLC ("Defendant"), respectfully alleges as follows:

## NATURE OF ACTION

1. This is an action commenced by the Fund to recover unpaid withdrawal liability, liquidated damages, interest, attorneys' fees, and costs within the meaning of Title VII of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), Section 4001 et seq., 29 U.S.C. §1301 et seq.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

  (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

  (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

  (c) 28 U.S.C. Section 1331 (federal question); and

  (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Fund is a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Fund is authorized to maintain suit as independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Fund is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to provide pension benefits to those employees eligible to receive them. The Fund maintains its offices and is administered at 101 Avenue of the Americas, New York, New York 10013, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 101 Avenue of the Americas, New York, New York 10013, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto Defendant was and continues to be, a New York State domestic limited liability company, whose last known address was c/o F.M. Ring Associates, Inc., 767 Third Avenue, City, County and State of New York 10017, doing business as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant was party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein,

*inter alia*, Defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the Fund, for Defendant's employees within the unit set forth in the Agreement with Union.

## FACTUAL BACKGROUND

### Defendant's Complete Withdrawal From the Plan

7. Until in or around February 1, 2014, Defendant was obligated to contribute to the Plan for each of its participating employees, who were employed at a building located at 212 Fifth Avenue in New York City, pursuant to a series of collective bargaining agreements between Defendant and the Union.

8. On or about February 1, 2014, Defendant permanently ceased to have an obligation to contribute to the Plan. The permanent cessation of the obligation to contribute constituted a complete withdrawal from the Fund as defined by Section 4203(a)(1) of ERISA, 29 U.S.C. §1383(a)(1).

### Defendant's Failure to Pay the Withdrawal Liability

9. By completely withdrawing from the Plan, Defendant incurred withdrawal liability to the Fund pursuant to Section 4201 of ERISA, 29 U.S.C. §1381.

10. By letter dated October 7, 2015, the Fund notified Defendant of its complete withdrawal from the Plan, and that it owed the Fund withdrawal liability in the amount of $9,291.00, which could be paid in a lump sum or in eleven monthly installments of $826.12, beginning no later than January 1, 2016, with a final installment of $256.29. The letter further advised that Defendant had the right to arbitral review of the Fund's determination of the withdrawal liability.

11. Defendant failed to pay the withdrawal liability installment payments as and when same

came due.

12. Defendants failed to timely request arbitration of the Fund's determinations.

13. By letter dated the April 11, 2016, sent to Defendant's address last known to the Fund, the Fund notified Defendant of the default and that if the payments were not received for the delinquent monthly payments, the Fund would take all actions available to it under ERISA. The letters were sent by regular mail and by first class mail. All copies were returned as undelivered. The Fund never received a payment from Defendant.

14. Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), and in accordance with the Fund's rules, upon the default and failure to cure, the Fund accelerated Defendant's withdrawal liability payment due to Defendant's default.

15. To date, the Fund has not received any payment of the withdrawal liability amount from Defendant; nor has the Fund received any payment from any other member of the Defendant's Control Group.

### Defendant's Failure to Provide Information to The Fund

16. On October 7, 2015, included with the Demand for Payment of Withdrawal Liability, was a Request for Information pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(a).

17. To date, Defendant has not provided any responses.

### COUNT ONE

18. The Fund repeats and realleges each and every allegation in the paragraphs 1 through 17 set forth above as if fully set forth herein.

19. The Fund is entitled to full payment of Defendant's outstanding withdrawal liability in the amount of $9,291.00, pursuant to Section 4301 of ERISA, 29 U.S.C. §1451 and the Plan.

20. The Fund is entitled to collect pre-judgment interest at the rate of 9% per annum on the

outstanding withdrawal liability calculated from the acceleration date pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(c)(6) and the Plan.

21. The Fund is entitled to collect liquidated damages in the amount of 20% of the outstanding balance of the withdrawal liability, plus attorneys' fees and costs, pursuant to Sections 29 U.S.C. 1451 (b) and 29 U.S.C. §1132(g)(2) and the Plan.

## COUNT TWO

22. The Fund repeats and realleges each and every allegation in the paragraphs 1 through 21 set forth above as if fully set forth herein.

23. Pursuant to Section 4219 of ERISA, 29 U.S.C. §1399(a), the Fund is entitled to full and complete responses from Defendant to the Fund's Request for Information concerning the entities under "common control" with Company Defendant.

## **REQUEST FOR RELIEF**

WHEREFORE, the Fund respectfully requests the following judgment in favor of the Fund and against Defendant:

1. That Defendant be held liable for the outstanding withdrawal liability in the amount of $9,291.00.

2. That Defendant be held liable for the full amount of the prejudgment interest attributable to the withdrawal liability;

3. That Defendant be held liable for the liquidated damages attributable to the withdrawal liability computed at the rate of 20% of the outstanding withdrawal liability.

4. That Defendant be held liable for the Fund's costs and expenses incurred in connection with this action, including its reasonable attorneys' fees;

5. That Defendant be compelled to provide the Fund with full and complete responses to the Fund's request for information concerning commonly controlled businesses; and

6.  That the Fund shall have such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
       April 26, 2016

                                        Raab, Sturm & Ganchrow, LLP

                                        By: Ira A. Sturm
                                        Attorneys for Plaintiff
                                        1250 Broadway, 36th Floor
                                        New York, New York 10001
                                        212-683-6699
                                        isturm@rsgllp.com